```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
```
MICHAEL-JOHN PATERNO,

        Plaintiff,                               **ORDER**
                                                                                            23-CV-4592 (LDH) (AYS)

    -against-

J. ARTHUR M. CROMARTY COMPLEX; JUDGE KAREN M. WILUTIS; RICCARDO J. MASCIO, Police Officer; JOHN FARLEY, Detective; JOHN ANDREWS, Judge; JASON BASSETTS, Lawyer; MICHAEL COX, Lawyer; WAYNE J. DONOVAN, Lawyer; GLEN A. SUAREZ, Lawyer; TIMOTHY D. SINI, D.A.; DANA M. CASTALDO, Asst. D.A.; LAURA WATROUS, Probation Officer; VIGILANTE, Probation Officer; VALERIE GELO, LMHC First Light Psychological Services; JUDITH A. PASCALE, County Clerk; FRANK L. TROPEA, Esq., Chief Clerk; STEVE LARSEN, Supervisor of Probation; RAYMOND TIRNEY, DA; LEGAL AID SOCIETY OF SUFFOLK COUNTY; CHRIS KELLY, Judge; LAURETTE D. MULRY, Administration & in charge of Legal Aid; MARGET MAGGIE CAHILL, Legal Aid Lawyer; ANGELA G. IANNACCI, Judge, Appellate Division; CHERYL E. CHAMBERS, Judge, Appellate Division; SHERI S. ROMAN, Judge, Appellate Division; WILLIAM G. FORD, Judge, Appellate Division; CHRISTOPHER BROCATO, Lawyer; KIRK, Suffolk County Clerks Office; LESLIE KENNEDY, Legislature; STEVE BELLONE, County Executive; CHRISS COMO, Deputy County Clerk; VINCENT POLEO, Suffolk County Clerk; ERIC STAHLBERG, Supervisor, Suffolk County Probation; ANDREW A. GREGG, Administration Judge; PAUL SELLUCK, Bureau of Consumer Fraud & Protection; ROBERT M. MACCURONE, Deputy Commissioner; LETICIA JAMES, Attorney General; MARIA T. FASULO, Clerk of Court; and PARELLA, Detective;

                        Defendants.
```
-------------------------------------------------------x
```
LaSHANN DeARCY HALL, United States District Judge:

       Michael-John Paterno ("Plaintiff"), proceeding *pro se*, filed this action against 39 Defendants, appearing to allege violations of his constitutional rights for injuries sustained while in custody. (*See* ECF No. 1.) Plaintiff paid the filing fee to commence this action and subsequently filed an amended complaint. (ECF No. 2.) In a June 22, 2023 letter, Plaintiff asked "the Court to serve summons on all parties as I do not have the means to do so." (ECF No. 4.) To date, Plaintiff has not filed any affidavits of service.

Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to arrange for service of any summons and complaint on defendants. Fed. R. Civ. P. 4(c)(1). "At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specifically appointed by the court." Fed. R. Civ. P. 4(c)(3). However, a plaintiff not proceeding *in forma pauperis* ("IFP") is not automatically entitled to service by the United States Marshal's Service ("USMS"). Rather, a plaintiff may seek an order from the Court directing service by the USMS for a fee. *See* 28 C.F.R. § 0.114 (outlining the USMS service fees); *Flint v. Jun*, No. 19-CV-00416 EAW, 2020 WL 8838041 (W.D.N.Y. June 3, 2020) (granting a request for USMS service provided that the plaintiff pay the fees in advance). Plaintiff's request for Court service of the summons on the Defendants is therefore denied.

As Plaintiff is not proceeding IFP, to utilize USMS service he would have to pay the service fees in advance. The fee for process service by mail is $8.00 per item mailed. 28 C.F.R. § 0.114(2). The fee for process served or executed personally is $65.00 per hour (or portion thereof) for each item served, plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). If initial service is unsuccessful, subsequent service attempts may be made according to the same fee schedule. Plaintiff has named 39 Defendants in this action. For a first attempt to effect service by mail, at $8 per Defendant, Plaintiff would need to pay $312. If any defendant cannot be served by mail, the cost of personal service by the USMS would be at least $65 per defendant.

In addition, Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a

2

specified time." Fed. R. Civ. P. 4(m). Here, more than 90 days have lapsed since Plaintiff filed the complaint on June 20, 2023, meaning he has failed to timely serve Defendants.[1]

Nevertheless, in light of plaintiff's *pro se* status and his prior request for the Court to assist with his service obligations, the Court extends the time for Plaintiff to serve Defendants. Plaintiff shall have 30 days from the date of this Order to serve Defendants with any amended summons and the amended complaint. Plaintiff must also file proof of service with the Court pursuant to Rules 4(m) and 4(l). If proof of proper service upon all of the Defendants is not filed within 30 days of this Order, or if Plaintiff fails to show good cause why such service has not been effected by that date, any unserved Defendants may be dismissed pursuant to Rule 4(m).

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff.

Dated: Brooklyn, New York  SO ORDERED.
January 17, 2024

_____ s/ LDH _____
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge

---

[1] Although Plaintiff filed an amended complaint on June 21, 2023—one day after filing the initial complaint—Rule 4 does not provide for any extension of time when a plaintiff files an amended complaint. *See Maldonado v. Country Wide Home Loans, Inc.*, No. 14-CV-7145-JMA-AKT, 2016 WL 11481201, at *2 (E.D.N.Y. Jan. 4, 2016) (collecting cases holding that filing an amended complaint does not extend the time for effecting service). In any event, more than 90 days have passed since filing the amended complaint, so service is nonetheless untimely.